# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# WESTERN DIVISION

**PHILLIP WILLYARD**                                                        **PLAINTIFF**
**ADC #152418**

**V.**                  **CASE NO. 4:16-CV-742 SWW-BD**

**POPE COUNTY; DAVID GIBBONS, Prosecutor,**
**Pope County; JAMES DUNHAM, Public Defender,**
**Pope County; DENNIS SUTTERFIELD, Judge,**
**Pope County Circuit Court**                         **DEFENDANTS**

## RECOMMENDED DISPOSITION

**I.**     **Procedure for Filing Objections:**

The following Recommended Disposition ("Recommendation") has been sent to Judge Susan Webber Wright. Mr. Willyard may file written objections with the Clerk of Court within fourteen (14) days of filing this Recommendation. Objections must be specific and must include the factual or legal basis for the objection.

By not objecting, any right to appeal questions of fact may be waived. And, if no objections are filed, Judge Wright can adopt this Recommendation without independently reviewing the record.

**II.**    **Background:**

Petitioner Phillip Lee Willyard, an inmate in the Arkansas Department of Correction ("ADC"), filed this complaint under 42 U.S.C. § 1983, without the help of a lawyer. (Docket entry #1) In May, 2012, Mr. Willyard pleaded *nolo contendere* to second-degree sexual assault and was sentenced to 240 months' imprisonment. (#1 at p.

117)  He has since filed two petitions for habeas relief.  *Willyard v. Hobbs*, No. 5:14-CV-00093-KGB and *Willyard v. Kelley*, No. 5:16-CV-00323-KGB.  In addition, he has filed three civil rights lawsuits, in addition to the current case.  *Willyard v. Lee*, No. 4:16-CV-00288-JLH; *Willyard v. James*, No. 4:16-CV-00561-SWW; *Willyard v. Lee*, No. 4:16-CV-00589-SWW.  In each case, Mr. Willyard alleges that he was unlawfully arrested; that he was serving in combat operations in Iraq on or around the time of the alleged crimes; that he was unlawfully seized from a psychiatric facility; that he was mentally incompetent when he was arrested and interviewed; that his counsel was legally ineffective; and that he was taking narcotics at the time of sentencing.

Mr. Willyard's first petition for habeas corpus relief was denied as untimely, and the appeal of that decision has been dismissed.  See *Willyard v. Hobbs*, No. 5:14-CV-00093-KGB, 2015 WL 1308438, at *2 (E.D. Ark. 2015); *Willyard v. Kelley*, No. 15-2095 (8th Cir. Sept. 18, 2015) (appealed dismissed), cert. denied, 136 S.Ct. 1661 (2016).  His second petition for habeas corpus relief remains pending, but the Court has recommended that the petition be dismissed.  *Willyard v. Kelley*, No. 5:16-CV-00323-KGB, #4 at p. 3.  Two of Mr. Willyard's civil rights lawsuits have been dismissed for failure to state a federal claim for relief.[1]  See *Willyard v. Lee*, No. 4:16-CV-00288-JLH, 2016 WL

---

[1]Title 28 U.S.C. § 1915(g) provides that: "In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury."

3408894, at *3; *Willyard v. Lee*, No. 4:16-CV-00589-SWW, 2016 WL 4539489, at *2. A third lawsuit is currently pending against Defendant Carey James, a Russellville Police Detective. See *Willyard v. James*, No. 4:16-CV-00561-SWW, 2016 WL 4940331, at *1.

In this case, Mr. Willyard sues Pope County, Prosecutor David Gibbons, Mr. Dunham, and Judge Dennis Sutterfield. The allegations in this case are the same as those lodged in his previous lawsuits, except that here, he adds the additional grounds of prosecutorial misconduct with respect to Mr. Gibbons (#1, p. 12-13) and excessive bail (#1, p. 15). He maintains that these Pope County officials conspired against him, and he seeks to hold Pope County liable for their actions. (#1, p. 22, 136)

On November 14, 2016, Mr. Willyard filed a motion to amend his complaint. (#6) In his motion, he clarified that he is suing for unreasonable search and seizure under the Fourth Amendment to the United States Constitution, a violation of the Fifth Amendment's protection against self-incrimination, and violations of due process and false imprisonment under the Fourteenth Amendment. (#6, p. 2-6) Mr. Willyard is entitled to amend his complaint as a matter of course, and the Court considers his amended statement of claims as an addition to his original complaint. Fed.R.Civ.P. 15(a)(1).

### III.    Screening:

Before docketing the complaint, or as soon thereafter as practicable, a prisoner's complaint must be reviewed to see whether it states a federal claim for relief. Any claim that is frivolous or malicious; that fails to a state claim upon which relief may be granted;

or that demands monetary relief against a defendant who is immune from such relief must be dismissed prior to service of process. 28 U.S.C. § 1915A. Although a complaint requires only a short and plain statement of the claim showing that the pleader is entitled to relief, the factual allegations set forth therein must be sufficient to raise the right to relief above the speculative level. See Fed. R. Civ. P. 8(a)(2); *Bell Atlantic Corporation v. Twombly*, 550 U.S. 544, 555 (2007) ("a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment]to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do...."). While construed liberally, even pro se complaints must contain enough facts to state a claim to relief that is plausible on its face, not merely conceivable. *Martin v. Sargent*, 780 F .2d 1334, 1337 (8th Cir.1985).

**IV.    Discussion:**

The Court recommends dismissal of this lawsuit because Mr. Willyard fails to state a federal claim for relief. He sues an individual defendant who is not a state actor; two individuals who are immune from suit; and Pope County, Arkansas without alleging an unconstitutional county policy or custom.

    **A.    *Claims Against Individual Defendants***

To support a claim for relief in a federal civil rights case, a plaintiff must allege that a person acting under the color of state law deprived him of some right guaranteed by the United States Constitution. See *Griffin-El v. MCI Telecommunications Corp., et al.*, 835 F.Supp. 1114, 1118 (E.D. Mo. 1993). In *Polk County v. Dodson*, 454 U.S. 312, 325

(1981), the Supreme Court held that "a public defender does not act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding."[2] Accordingly, Mr. Dunham, as a public defender, does not act under color of state law and cannot be sued under § 1983 for his actions taken as Mr. Willyard's counsel in his criminal proceeding. The claim against Mr. Dunham should be dismissed.

Mr. Willyard fails to state a claim for relief against Mr. Gibbons. "Prosecutors are entitled to absolute immunity for their conduct in initiating a prosecution and in presenting the State's case, insofar as that conduct is intimately associated with the judicial phase of the criminal process." *Patterson v. Von Riesen*, 999 F.2d 1235, 1237 (8th Cir. 1993). Accordingly, Mr. Willyard's claim against Mr. Gibbons should also be dismissed.

Finally, Mr. Willyard fails to state a claim against Judge Sutterfield because a judge is absolutely immune from liability for both monetary and injunctive claims relating to actions conducted in a judicial capacity. See *Mireles v. Waco*, 502 U.S. 9, 11 (1991); *Robinson v. Freeze*, 15 F.3d 107, 108 (8th Cir. 1994). This claim should also be dismissed.

---

[2]The inability to hold public defenders liable under section 1983 was noted in the order dismissing Mr. Willyard's first lawsuit, *Willyard v. Lee*, No. 4:16-CV-00288-JLH, 2016 WL 3408894, at *2 n. 2. Mr. Willyard's claim against Mr. Dunham was dismissed from Mr. Willyard's third lawsuit for the same reason. *Willyard v. James*, No. 4:16-CV-00561-SWW, #7, p. 3.

### B. *Claim Against Pope County*

Mr. Willyard seeks to hold Pope County liable for the actions of his public defender, the prosecutor, and the judge presiding over his criminal case. (#1, p. 22, 136) Mr. Willyard asserts that the same evidence was offered in support of a claim against the City of Russellville and was allowed to move forward. See *Willyard v. James*, No. 4:16-CV-00561-SWW.

A local government may not be sued under § 1983 solely because it employs a tortfeasor; rather, a local government can be held liable only if a government policy or custom deprives a plaintiff of a federal right. See *L.L. Nelson Enterprises, Inc. v. Cty. of St. Louis, Mo.*, 673 F.3d 799, 811 (8th Cir. 2012); *Monell v. Department of Social Services*, 436 U.S. 658, 691 (1978). To establish Pope County's liability, then, Mr. Willyard must allege and prove that a policy, practice, or custom, attributable to the county directly caused his constitutional injury. See *Gatlin ex rel. Estate of Gatlin v. Green*, 362 F.3d 1089, 1094 (8th Cir. 2004). Here, Mr. Willyard does not allege that the actions described in his complaint were taken pursuant to a policy, practice, or custom, of Pope County. Accordingly, his claims against Pope County should be dismissed.

Additionally, Mr. Willyard is mistaken with respect to the suit that is pending against Russellville Police Detective Carey James. The plaintiff in that case did not name the City of Russellville as a Defendant, and the Court did not order service of process on the City of Russellville. *Willyard v. James*, No. 4:16-CV-00561-SWW, 2016 WL 4940331, at *1.

## IV. Conclusion:

Phillip Lee Willyard's complaint, as amended (#1, #6), should be DISMISSED, without prejudice, based on his failure to state a federal claim for relief. The dismissal should count as a "strike" for purposes of 28 U.S.C. § 1915(g), and the Court should certify an *in forma pauperis* appeal taken from the order and judgment dismissing this action would be frivolous and would not be taken in good faith.

IT IS SO RECOMMENDED, this 21st day of November, 2016.

_____
UNITED STATES MAGISTRATE JUDGE